UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTEN BLACKGOLD,<br><br>         Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, et al.,<br><br>         Respondents. | Case No.: 21-cv-1801-MMA (JLB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**AND DISMISSING CASE WITHOUT PREJUDICE** |

  Suten Blackgold ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a 2020 conviction for battery on a peace officer with a weapon, for which Petitioner was sentenced to 11 months and a loss of 150 days of good time credit. *See* Doc. No. 1. Petitioner has also filed a motion to proceed in forma pauperis. *See* Doc. No. 2. For the reasons discussed below, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and **DISMISSES** the habeas action without prejudice.

### MOTION TO PROCEED IN FORMA PAUPERIS

  Petitioner has filed a motion to proceed in forma pauperis. *See* Doc. No. 2. Petitioner has $0.00 on account at the correctional institution where Petitioner is

presently confined, *see id.* at 5–6, 8, and cannot afford the $5.00 filing fee. Therefore, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Court **DIRECTS** the Clerk of Court to file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his [or her] federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, Petitioner raises two enumerated grounds for relief in the instant Petition and indicates neither ground has been raised in the California Supreme Court. *See* Doc. No. 1 at 6, 8. Thus, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief. *See Rasberry v. Garcia*, 448 F.3d 1150,

1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") (citing *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)).

The Court additionally cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. *See* 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and **DIRECTS** the Clerk of Court to file the Petition without prepayment of the filing fee. The Court further **DISMISSES** the Petition without prejudice. If Petitioner wishes to proceed with this habeas action, Petitioner must file a First Amended Petition that cures the pleading deficiencies outlined in this Order on or before **December 27, 2021**. The Court therefore **DIRECTS** the Clerk of Court to mail Petitioner a blank Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254 together with a copy of this Order.

**IT IS SO ORDERED**.

Dated: October 26, 2021

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge